IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH SHINE-JOHNSON, *et al.*,

    **Plaintiffs,**

v.

Civil Action 2:20-cv-5919
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

MIKE DEWINE, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATIONS

This matter is before the Undersigned for consideration of several procedural and administrative matters.

### I.

On May 3, 2023, the Court directed the fourteen (14) Plaintiffs in this action to file separate written status reports to advise the Court of their current addresses, and the Court expressly advised Plaintiffs that failure to do so would result in the recommendation that their claims be dismissed for failure to prosecute. (ECF No. 112.) Only six (6) Plaintiffs responded to the Court's Order: Joseph Shine-Johnson; Lonnie Hill; Lonnie Cage; Richard Whitman; Rubin Williams; and Antonio Henderson. (ECF Nos. 114-119.)

The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v.*

1

*Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and citation omitted).

On May 3, 2023, the Court expressly cautioned Plaintiffs that failure to comply with the Court's Order ***would*** result in dismissal for failure to prosecute. (ECF No. 112 at PAGEID # 1282.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Despite this warning, eight (8) Plaintiffs did not respond.[1] While the Court is mindful of Plaintiffs' *pro se* status, dismissal is nevertheless appropriate given these Plaintiffs' failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** the following Plaintiffs' claims **WITH PREJUDICE** under Rule 41(b): Jarron Earley-Tabor, Sr.; James Goodson; Victor Steel; Richardo Taborn; Robert Benford; Troy Mason; Lawrence Collins; and Mack Griffin.

## II.

Next, on November 16, 2022, the Court recommitted Plaintiffs' official capacity claims for prospective injunctive relief against the ODRC/BCI Defendants to the Undersigned for further 28 U.S.C. §§ 1915(e)(2), 1915A review and analysis under the mootness doctrine. (ECF

---

[1] The following Plaintiffs did not respond to the Court's May 3, 2023 Order: Jarron Earley-Tabor, Sr.; James Goodson; Victor Steel; Richardo Taborn; Robert Benford; Troy Mason; Lawrence Collins; and Mack Griffin.

No. 98 at PAGEID # 1151.)  Accordingly, this matter is also before the Undersigned for consideration of the mootness doctrine as it relates to these claims.

First, there is no dispute that Plaintiffs' official capacity claims against the ODRC/BCI Defendants arise out of, and are inextricably linked to, the Covid-19 pandemic.  (*See* ECF No. 59 at PAGEID # 680, ¶ 90 (alleging the overcrowding of inmates and Defendants' "deliberate indifferent to health and safety concerns and the unsafe conditions ***due to [the] Covid-19 pandemic***.") (emphasis added).)  To this end, Plaintiffs seek the following prospective injunctive relief against the ODRC/BCI Defendants which is expressly intended to "reduce the risk of Covid-19," at least "until . . . [the] Covid-19 pandemic subsides":

> 93. A preliminary and permanent injunction ordering all said defendants of this complaint ***to eliminate the overcrowding of inmates and reduce the population*** and correct housing units to the ACA standards for the Institution in which inmates are incarcerated ***to reduce the risk of COVID-19.*** All plaintiffs fear for retaliation for filing this suit.
>
> 94. An injunctive relief to provide a compassionate release and or pardon to Said plaintiffs from custody and or all inmates who are allowed for release with indefinitely and or sanctions ***to eliminate overcrowding and or until all safe prison conditions are met and Covid-19 pandemic subsides***.

(ECF No. 59 at PAGEID ## 680-681, ¶¶ 93-94 (emphasis added).)  Indeed, it was because Plaintiffs' requested relief "is specifically tied to the Covid-19 pandemic" that the Court determined that the Undersigned "should determine whether these claims are moot" in the first place, "[g]iven the current state of the Covid-19 pandemic."  (ECF No. 98 at PAGEID ## 1148-1149.)

"The province of the court, solely, is to decide on the rights of individuals[.]"  *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170, 2 L.Ed. 60 (1803).  Accordingly, under Article III, the "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164

3

(1974) (internal quotation marks and citation omitted). "Thus, when a case at first presents a question concretely affecting the rights of the parties, but—as a result of events during the pendency of the litigation—the court's decision would lack any practical effect, the case is moot." *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir.), *cert. denied*, 214 L. Ed. 2d 181, 143 S. Ct. 372 (2022) (quoting *Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020)); *see also Saint Michael Acad., Inc. v. Hertel*, No. 22-1054, 2022 WL 14707052, at *1 (6th Cir. Oct. 26, 2022) ("If so, the issues presented are 'no longer live,' and the case is moot.") (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted)).

      The Undersigned believes that the case at bar is one such case, at least as it pertains to Plaintiffs' prospective injunctive relief claims against the ODRC/BCI Defendants. Courts within this judicial circuit have repeatedly found that "[c]ases like this one, which are based on a 'once-in-a-lifetime global pandemic,' present 'a unique factual situation.'" *Crosby v. Washington*, No. 21-11635, 2023 WL 361777, at *5–6 (E.D. Mich. Jan. 23, 2023) (quoting *Thompson v. DeWine*, 7 F.4th 521, 526 (6th Cir. 2021) (quoting *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 560 (6th Cir. 2021)), *cert. denied*, 142 S. Ct. 1233 (2022)). Accordingly, and not surprisingly, these courts regularly dismiss as moot challenges to rescind regulations that were imposed in response to the COVID-19 pandemic. *See Thompson*, 7 F.4th at 526 (collecting cases); *see also Resurrection Sch.*, 35 F.4th at 530 (dismissing as moot where "the challenged mandate was a product of the pandemic's early stages," finding that "[w]e are unlikely to see this mandate in a similar form again.").

      That is precisely what Plaintiffs set forth to accomplish here, as they seek prospective injunctive relief against the ODRC/BCI Defendants to "reduce the risk of COVID-19" and "eliminate overcrowding [] until . . . [the] COVID-19 pandemic subsides." (ECF No. 59 at

4

PAGEID ## 680-681, ¶¶ 93-94.) While these concerns may have been pertinent at the time Plaintiffs initiated this case (in December 2020), "the relevant circumstances have changed dramatically" since then. *Resurrection Sch.*, 35 F.4th at 529. As the Court of Appeals for the Sixth Circuit has noted, when Plaintiffs filed this case, "nobody was vaccinated and treatments were less effective than they were now." *Id.* But the world is thankfully in a much better position now than it was then, as is evidenced (for example) by both the Governor of Ohio and the Executive Office of the President of the United States ending the declared states of emergency. *See* Executive Order 2021-08D, available at https://coronavirus.ohio.gov/static/publicorders/executive-order-2021-08d.pdf (accessed June 13, 2023) (rescinding the state of emergency as declared for Ohio, effective June 18, 2021); Exec. Off. of the President, Statement of Administration Policy Re: H.R. 382 & H.J. Res. 7 (Jan. 30, 2023) (declaring that the COVID-19 national emergency and public health emergency would terminate on May 11, 2023). Because the pandemic has subsided, Plaintiffs' request for relief is no longer "live," and "[t]here is not a reasonable expectation" that Plaintiffs "will face the same burdens" that they did in the early stages of the pandemic when they initiated this lawsuit. *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 561 (6th Cir. 2021).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiffs Joseph Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Antonio Henderson's official capacity claims for prospective injunctive relief against the ODRC/BCI Defendants as moot.

## III.

In the alternative, if the Court concludes that Plaintiffs Joseph Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Antonio Henderson's official

capacity claims for prospective injunctive relief against the ODRC/BCI Defendants are not moot, then the Court should separately consider whether Plaintiff Antonio Henderson's official capacity claims for prospective injunctive relief against the ODRC/BCI Defendants may be moot.

When an inmate files suit against prison officials at the institution of his incarceration based on those officials' wrongful conduct seeking declaratory and injunctive relief and that inmate is then transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) (Sotomayor, J., dissenting) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (internal quotations marks and citations omitted); *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested") (citations omitted).

On May 16, 2023, Plaintiff Antonio Henderson filed a Change in Address Status Update in response to the Court's May 3, 2023 Order. (ECF No. 119 (the "Henderson Filing").) In the Henderson filing, Plaintiff Henderson advised the Court that he no longer resides at BCI. (*Id.*) Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff Antonio Henderson's official capacity claims for prospective injunctive relief against the ODRC/BCI Defendants as moot, should the Court decline to dismiss Plaintiffs Joseph Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Antonio Henderson's official capacity claims for prospective injunctive relief against the ODRC/BCI Defendants as moot.

## IV.

This matter is also before the Undersigned for consideration of the Notice to the Court that All Plaintiffs Are No Longer Available to Sign Every Filing and Pleadings/Shine-Johnson Motion Seeking to Sever Himself to Pursue His Interest in the Suit Independently or with Remaining [BCI] Inmates and/or Appoint Counsel. (ECF No. 102 (the "Shine-Johnson Filing").) In the Shine-Johnson Filing, Plaintiff Joseph Shine-Johnson notes that several Plaintiffs have been "transferred and/or released" from Belmont Correctional Institute ("BCI"), which Plaintiff Shine-Johnson submits "has made it impossible to communicate and have their pleadings collectively signed." (*Id.* at PAGEID # 1190.) Plaintiff Shine-Johnson submits that "[i]f the court will not appoint counsel . . . where it has become impossible communicate, and jointly sign papers, documents, filings, and properly keep their cause, [Plaintiff] Shine-Johnson respectfully request[s] the court to allow him to sever his interest in the suit . . . and pursue his claims independently or along with the remaining Belmont inmates." (*Id.*)

For many of the reasons Plaintiff Shine-Johnson has identified, this case unfortunately paints a clear illustration of why multiple-plaintiff prisoner litigation is disfavored. *See, e.g.*,

7

*McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation," even where Rule 20(a) permits it, including the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated[,]" as well as the fact that prisoner litigants are "notably transitory") (internal quotation marks and citations omitted). While the Court initially may have perceived some efficiency in allowing this case to proceed as a collective action at the time it was filed – during the height of the Covid-19 pandemic – the Undersigned believes that it would now be decidedly *less* efficient for Plaintiffs' claims to proceed as a collective action.

A review of the docket reinforces this conclusion. First, for example, the inevitably transitory nature of the prisoner Plaintiffs has significantly frustrated the service of Court documents in this action, causing unnecessary delays and confusion among the Plaintiffs. (*See* ECF Nos. 19, 23, 30, 44, 61, 65, 72, 76, 81-82, 90-97, 111.) Given these difficulties, it is no surprise that Plaintiffs have consistently had a difficult time complying with the Court's Order, ECF No. 35, which requires Plaintiffs to *each* sign *every* document filed in this Court bearing their signatures.[2] (*See* ECF No. 102 at PAGEID # 1190 ("Due to the uncontrollable circumstances of [certain Plaintiffs] . . . being transferred and/or released and loss of contact has made it impossible to communicate and have their pleadings collectively signed. * * * If the other plaintiffs have not updated their addresses, there is nothing the incarcerated individuals can do to get in touch with the inmates that have been released.").) Additionally, as Plaintiff Shine-

---

[2] While the Court understands Plaintiffs' difficulty in complying with the signature requirement, the Court cannot, and will not, waive this requirement. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented.").

Johnson notes, these service difficulties have hindered Plaintiffs' ability to communicate with each other and to respond to various Court orders. (*Id.*) These issues will continue as the case progresses, and indeed will only get worse as Plaintiffs continue to be released or transferred.

Under Federal Rule of Civil Procedure 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Donaldson v. Dep't of Rehab. & Correction*, No. 2:22-CV-3275, 2023 WL 2495107, at *4 (S.D. Ohio Mar. 14, 2023), *report and recommendation adopted sub nom. Donaldson v. Dep't of Rehab. & Corr.*, No. 2:22-CV-3275, 2023 WL 2898664 (S.D. Ohio Apr. 11, 2023) (quoting *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007))). And under Rule 21, the Court may do so *sua sponte*. *See* Fed. R. Civ. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party."). Given the issues present in this case, the Undersigned believes that the Court should use its discretion under Rule 21 to grant Plaintiff Shine-Johnson's alternative request and sever each remaining Plaintiff from this action so that they each can pursue their own individual claims without being held back or prejudiced by the inefficiencies of multi-prisoner litigation. *See Day v. Knox Cnty. Sheriff Off.*, No. 3:23-CV-63-DCLC-JEM, 2023 WL 2292123, at *2 (E.D. Tenn. Feb. 21, 2023) ("[G]iven the significant practical issues arising out of prisoners filing joint complaints, which is apparent from the filings so far in this case, the Court finds that even if Rule 20(a) permitted joinder of over two dozen Plaintiffs, it would be impractical and inefficient for the Court to allow them to do so in this case.").

9

Accordingly, the Undersigned **RECOMMENDS** that the Court **GRANT IN PART** the Shine-Johnson Filing, ECF No. 102.[3] Specifically, the Undersigned **RECOMMENDS** that the Court **SEVER** and **DISMISS WITHOUT PREJUDICE** the surviving claims of Plaintiffs Joseph Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Antonio Henderson as improperly joined parties in this action, subject to these Plaintiffs re-filing separate actions to pursue their claims on an individual basis.

## V.

For the foregoing reasons, the Undersigned hereby **RECOMMENDS** that the Court take the following actions:

- **DISMISS** the following Plaintiffs' claims **WITH PREJUDICE**: Jarron Earley-Tabor, Sr.; James Goodson; Victor Steel; Richardo Taborn; Robert Benford; Troy Mason; Lawrence Collins; and Mack Griffin;

- **DISMISS** Plaintiffs Joseph Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Antonio Henderson's official capacity claims for prospective injunctive relief against the ODRC/BCI Defendants as moot, or in the alternative **DISMISS** only Plaintiff Antonio Henderson's official capacity claims for prospective injunctive relief against the ODRC/BCI Defendants as moot; and

- **GRANT IN PART** the Notice to the Court that All Plaintiffs Are No Longer Available to Sign Every Filing and Pleadings/Shine-Johnson Motion Seeking to Sever Himself to Pursue His Interest in the Suit Independently or with Remaining [BCI] Inmates and/or Appoint Counsel, ECF No. 102, and **SEVER** and **DISMISS WITHOUT PREJUDICE** the surviving

---

[3] Plaintiff Shine-Johnson's request for counsel is not well taken, as the Court has evaluated whether exceptional circumstances exist in this case and has determined that the appointment of counsel is not warranted at this juncture.

claims of Plaintiffs Joseph Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Antonio Henderson as improperly joined parties in this action, subject to these Plaintiffs re-filing separate actions to pursue their claims on an individual basis.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: June 13, 2023**         /s/ *Elizabeth A. Preston Deavers*
                                **ELIZABETH A. PRESTON DEAVERS**
                                **UNITED STATES MAGISTRATE JUDGE**