UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH SHINE-JOHNSON, *et al.*,

        Plaintiffs,

  v.

MIKE DEWINE, *et al.*,

        Defendants.

:

:

:

Case No. 2:20-cv-05919
Judge Sarah D. Morrison
Magistrate Judge Elizabeth Preston Deavers

**OPINION AND ORDER**

This matter is before the Court on objections filed by Plaintiffs Joseph Shine-Johnson (ECF No. 126) and Antonio Henderson (ECF No. 127) to a Report and Recommendation issued by the Magistrate Judge (R&R, ECF No. 124). For the reasons stated below Mr. Shine-Johnson's Objection is **OVERRULED in part** and **SUSTAINED in part.** Mr. Henderson's Objection is **OVERRULED.** The Report and Recommendation is **ADOPTED and AFFIRMED with modification.**

**I.    BACKGROUND**

Plaintiffs, who are proceeding *pro se*, are state inmates at Belmont Correctional Institution. (ECF No. 1.) They began this action in November 2020, against Defendants Governor Mike DeWine, Amy Acton (then-director of the Ohio Department of Health), and employees of Ohio Department of Rehabilitation and Corrections ("ODRC") at Belmont to contest their conditions of confinement during the Covid-19 pandemic. (*Id.*) This action began with 16 inmates but two were dismissed for lack of prosecution. (ECF No. 37.)

The Magistrate Judge conducted an initial screen of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and issued a report and recommendation, recommending that the Court dismiss Plaintiffs' claims in their entirety. (ECF No. 38.) After many Plaintiffs filed objections, the Magistrate Judge withdrew the report and recommendation and granted all Plaintiffs leave to file an amended complaint (ECF No. 45), which was timely filed in May 2021 (ECF No. 59).

The Magistrate Judge conducted an initial screen of the amended complaint and issued a new report and recommendation, suggesting that Plaintiffs be permitted to proceed with their collective claims against Defendant David Gray (the Warden of Belmont), in his individual capacity, but that Plaintiffs' remaining collective claims be dismissed in their entirety. (ECF No. 69, PageID 819.) The Magistrate Judge also recommended that Plaintiffs Mr. Henderson, Jarron Earley-Tabor, Sr., James Goodson, Richardo Taborn, Troy Mason, and Lonnie Hill be permitted to proceed with their individual medical deliberate indifference claims against Defendant Joseph Murphy (the Belmont Healthcare Administrator). (*Id.*) Three objections to the report and recommendation were filed. (ECF Nos. 71, 73, 83.)

The Court overruled two of the objections and struck the other, and adopted and affirmed in part the Magistrate Judge's report and recommendation. (ECF No. 98.) Plaintiffs' official capacity claims for prospective injunctive relief against ODRC/BCI Defendants[1] were recommitted for further review and analysis under the mootness doctrine. (*Id.*)

---

[1] The ODRC/BCI Defendants, as defined in the report and recommendation, include Defendants Amy Acton, Annette Chambers-Smith, Ernie Moore, Eddy Bobby,

Multiple Plaintiffs moved to appoint counsel, which the Magistrate Judge denied. (ECF No. 112.) The Magistrate Judge then directed Plaintiffs to file separate written status reports advising the Court of their current addresses and warned that failure to do so would result in the dismissal of their remaining claims for failure to prosecute. (*Id.*) Only six of the remaining 14 Plaintiffs complied: Mr. Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Mr. Henderson (collectively, the "Remaining Plaintiffs"). (ECF Nos. 114–119.)

The Magistrate Judge then issued the Report and Recommendation, which is before the Court, recommending that the Court:

- dismiss these Plaintiffs' claims with prejudice: Jarron Earley Tabor, Sr., James Goodson, Victor Steel, Richardo Taborn, Robert Benford, Troy Mason, Lawrence Collins, and Mack Griffin;

- dismiss the Remaining Plaintiffs' official capacity claims for prospective injunctive relief against ODRC/ BCI Defendants as moot, or in the alternative dismiss only Plaintiff Mr. Henderson's official capacity claims for prospective injunctive relief against ODRC/BCI Defendants as moot; and

- grant in part the "Notice to the Court that All Plaintiffs Are No Longer Available to Sign Every Filing and Pleadings/Shine-Johnson Motion Seeking to Sever Himself to Pursue His Interest in the Suit Independently or with Remaining [BCI] Inmates and/or Appoint Counsel" (Mot. to Sever, ECF No. 102) and dismiss without prejudice the surviving claims of Remaining Plaintiffs as improperly joined parties, subject to Remaining Plaintiffs refiling separate actions to pursue their claims on an individual basis.

(R&R, PageID 1340–41.) The Court addresses the objections to these recommendations in the order in which they were filed.

---

Eddy Andrews, Karen Stanforth, David Gray, Joseph Murphy, Patrick Haley, and UMC Taylor. (*Id.* PageID 825.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. MR. HENDERSON'S OBJECTION

In his objection, Mr. Henderson argues that the complaint should not be dismissed on mootness grounds because he was transferred to another facility. (ECF No. 126.) He argues that the capable-of-repetition-yet-evading-review exception to the mootness doctrine applies. (*Id.*)

The Court agrees with the Magistrate Judge's determination that Plaintiffs' official capacity claims for prospective injunctive relief against ODRC/BCI Defendants are moot because the Covid-19 pandemic has subsided. (*See* R&R, PageID 1333); *see also Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 372 (2022). As a result, there is no need to examine and rely on the Magistrate Judge's alternative grounds for dismissing Mr. Henderson's same claims.

Mr. Henderson's objection is therefore **OVERRULED**.

## IV. MR. SHINE-JOHNSON'S OBJECTION

Mr. Shine-Johnson filed an objection too. (ECF No. 127.) The Court addresses his various arguments in turn.

4

### A. Prison Mailing Procedures

Mr. Shine-Johnson argues that he did not receive a copy of the Report and Recommendation through regular mail. Instead, Belmont's "law clerk Richard Whitman is the only person who has been given a copy" and so Mr. Shine-Johnson was forced to use LexisNexis "as the source of his Notice." (ECF No. 127, PageID 1347, 1352.) But the Court has previously held that claims related to the prison mailing procedures at Belmont are unrelated to the claims in this ligation and if Mr. Shine-Johnson wants to pursue such claims, he must file a separate action to do so. (ECF No. 98, PageID 1149–50; ECF Nos. 80, 68, 77.) Mr. Shine-Johnson's first argument is meritless.

### B. Prospective Injunctive Relief Claims

Next, Mr. Shine-Johnson contends that the denial of the official capacity claims for prospective injunctive relief as moot is inappropriate because his requested relief "will prevent any other future infectious disease outbreaks that could occur." (ECF No. 127, PageID 1350.) But as the Magistrate Judge explains, Article III courts can only adjudicate cases and controversies. Federal courts are without power to decide questions that cannot affect the rights of litigants in cases before them; for example when a court's decision would lack any practical effect. (R&R, PageID 1333–34) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *Resurrection Sch.*, 35 F.4th at 528); *see also Already LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). This Court is therefore powerless to attempt to prevent effects that *may* result from *future* infectious disease outbreaks.

5

### C. Objection to Prior Report and Recommendations

Mr. Shine-Johnson tries to object to the Magistrate Judge's previous report and recommendation (ECF No. 69), but this Court already struck his objection to that report and recommendation, and adopted and affirmed in (relevant) part the report and recommendation. (ECF No. 127, PageID 1354–1368; ECF No. 98, PageID 1150.) In doing so, the Court closely reviewed the factual findings and legal analysis and found them to be sound.

### D. Notice and Motion to Sever

Mr. Shine-Johnson filed a Notice and Motion to Sever,[2] which the Magistrate Judge addresses in her Report and Recommendation. He explains that several Plaintiffs were transferred or released from Belmont making it "impossible to communicate and have their pleadings collectively signed." (Mot. to Sever, PageID 1190.) He asks the Court to either appoint counsel for the remaining Plaintiffs or "to allow him to sever his interest in the suit away from the Collective and pursue his claims independently or along with the remaining Belmont inmates." (*Id.* PageID 1190–91.)

---

[2] In the same filing, Mr. Shine-Johnson asks the Court to reconsider its decision to strike his objection to a previous report and recommendation because it was not signed by all Plaintiffs, despite having received multiple, prior warnings that it must be. (Mot. to Sever, PageID 1189; *see* ECF No. 73; ECF No. 98, PageID 1146.) While the Court has discretion to grant motions for reconsideration, such motions are not intended to relitigate issues previously considered or to give a party yet another chance. *Pegg v. Davis,* No. 2:09-CV-908, 2009 WL 5194436, at *1 (S.D. Ohio Dec. 22, 2009) (Marbley, J.). Motions for reconsideration are warranted only where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* Because none of these circumstances exist, Mr. Shine-Johnson's motion to reconsider is **DENIED**. (Mot. to Sever, PageID 1189.)

The Magistrate Judge denies the request for counsel, determining the requisite exceptional circumstances do not exist. (ECF No. 124, PageID 1340 n. 3; *see also* ECF Nos. 38, 87, 112.) She explains "this case unfortunately paints a clear illustration of why multiple-plaintiff prisoner litigation is disfavored" and concludes that any efficiencies in allowing Plaintiffs to proceed as a collective during the height of the Covid-19 pandemic that initially existed have subsided given the transitory nature of prisoner Plaintiffs. Exercising the Court's broad discretion, the Magistrate Judge recommends granting in part Mr. Shine-Johnson's Motion to Sever and specifically "SEVER[ing] and DISMISS[ing] WITHOUT PREJUDICE the surviving claims of Plaintiffs Joseph Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Mr. Henderson as improperly joined parties in this action, subject to these plaintiffs refiling separate actions to pursue their claims on an individual basis." (R&R, PageID 1340.)

Mr. Shine-Johnson objects to this recommendation. He contends that "[w]ithout dismissing the action, the [M]agistrate [Judge] could have recommended simply keep[ing] the suit that Shine-Johnson has started under the same case number and allow[ing] for each plaintiff that would like to move forward after severance to pursue their individual claims." (ECF No. 127, PageID 1348.)

Rule 21 of the Federal Rules of Civil Procedure provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Courts have "broad discretion to order a severance to avoid causing unreasonable prejudice and expense to the defendant and to avoid great inconvenience

7

in the administration of justice." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009) (internal quotations and citations omitted); (R&R, PageID 1339).

Severance of Plaintiffs' actions to remedy the inefficiencies resulting from this collective, multi-prisoner litigation is necessary given Federal Rule of Civil Procedure 11's requirement that each party sign its own pleadings and the difficulties Plaintiffs have had complying with that requirement. (*See* R&R, PageID 1339); Fed. R. Civ. Pro. 11(a). But rather than dismissing without prejudice the surviving claims[3] of all the Remaining Plaintiffs subject to their refiling separate action, the Court construes Mr. Shine-Johnson's Objection as a notice that he wishes to proceed individually. And the other Remaining Plaintiffs—Antonio Henderson, Lonnie Hill, Lonnie Cage, Richard Whitman, and Rubin Williams—are **NOTIFIED** that they will no longer be allowed to proceed jointly. If they wish to proceed individually, they each must file a notice, signed personally, explaining their intention to do so with the Court within **FOURTEEN DAYS of the date of this Opinion and Order.** If such a notice is timely filed, the Court will sever the action and create a new civil action for that Plaintiff. Plaintiffs Antonio Henderson, Lonnie Hill, Lonnie Cage, Richard Whitman, and Rubin Williams are warned that failure to file such a notice will result in **DISMISSAL with prejudice** of their claims for failure to prosecute.

V.   **CONCLUSION**

Mr. Henderson's Objection is **OVERRULED**.

---

[3] The Remaining Plaintiffs each have an Eighth Amendment claim against Defendant David Gray in his individual capacity, and Plaintiffs Antonio Henderson and Lonnie Hill have individual medical deliberate indifference claims against Defendant Joseph Murphy. (ECF No. 69.)

8

Mr. Shine-Johnson's Objection is **SUSTAINED in part** as much as he objects to the dismissal of his action without prejudice subject to refiling. His Objection is otherwise **OVERRULED**.

The Report and Recommendation is **ADOPTED and AFFIRMED with modification.**

These Plaintiffs' claims are **DISMISSED with prejudice** and the following Plaintiffs are **TERMINATED** as parties in the litigation: Jarron Earley Tabor, Sr., James Goodson, Victor Steel, Richardo Taborn, Robert Benford, Troy Mason, Lawrence Collins, and Mack Griffin.

Mr. Shine-Johnson, Lonnie Hill, Lonnie Cage, Richard Whitman, Rubin Williams, and Mr. Henderson's collective official capacity claims for prospective injunctive relief against Defendants Amy Acton, Annette Chambers-Smith, Ernie Moore, Eddy Bobby, Eddy Andrews, Karen Stanforth, David Gray, Joseph Murphy, Patrick Haley, and UMC Taylor are **MOOT** and therefore **DISMISSED.**

Mr. Shine-Johnson's Notice and Motion to Sever is **GRANTED in part** and **DENIED in part.**

The Court construes Mr. Shine-Johnson's Objection as a notice that he wishes to proceed individually. Mr. Shine-Johnson will proceed as the sole Plaintiff in the above-captioned case after the fourteen-day window described below closes.

The other Remaining Plaintiffs—Antonio Henderson, Lonnie Hill, Lonnie Cage, Richard Whitman, and Rubin Williams—are **NOTIFIED** that they will no longer be allowed to proceed jointly. If they wish to proceed individually, they each must file a notice, signed personally, explaining their intention to do so with the Court within

9

**FOURTEEN DAYS of the date of this Opinion and Order.** If such a notice is timely filed, the Court will sever the action and create a new civil action for that Plaintiff. Plaintiffs Antonio Henderson, Lonnie Hill, Lonnie Cage, Richard Whitman, and Rubin Williams are warned that failure to file such a notice will result in **DISMISSAL with prejudice** of their claims for failure to prosecute.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**