IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD WHITMAN,**

    **Plaintiff,**

                                      Civil Action 2:23-cv-3233
   v.                          Chief Judge Sarah D. Morrison
                                      Magistrate Judge Elizabeth P. Deavers

**MIKE DEWINE,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for a Report and Recommendation on Interested Party State of Ohio's Motion to Dismiss. (ECF No. 135.) Plaintiff did not file a Response. For the following reasons, the Undersigned **RECOMMENDS** that the Interested Party State of Ohio's Motion to Dismiss (ECF No. 135) be **GRANTED**.

As an initial matter, Plaintiff has failed to effectuate service on the remaining Defendants as is required by Federal Rule of Civil Procedure 4(m).[1] On May 9, 2024, the Court directed Plaintiff to file the appropriate forms with the Court to allow the United States Marshal to effectuate service. (ECF No. 134.) Plaintiff did not file the appropriate forms. On June 11, 2024, Interested Party State of Ohio filed a Motion to Dismiss. (ECF No. 135.) Pursuant to Local Rule 7.2(a)(2), Plaintiff's memorandum in opposition was due within twenty-one (21) days. S.D. Ohio Civ. R. 7.2(a)(2) ("Any memorandum in opposition shall be filed within

---

[1] Rule 4(m) provides in pertinent part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). That said, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

twenty-one days after the date of service of the motion.").  Plaintiff failed to file a memorandum in opposition.

On September 12, 2024, the Court ordered Plaintiff to show cause why he should be permitted to file a motion for leave to file an untimely response to the Motion to Dismiss and warned him "that failure to comply with this Order may result in the Court granting Interested Party State of Ohio's Motion to Dismiss, ECF No. 135, and/or the dismissal of Plaintiffs claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (ECF No. 136.)  To date, Plaintiff has not filed a response to the Motion to Dismiss or the Court's September 12, 2024 Show Cause Order.

The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties."  *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

As Plaintiff has failed to effectuate service on the remaining Defendants, respond to Interested Party State of Ohio's Motion to Dismiss, and comply with the Court's Show Cause Order, the Undersigned **RECOMMENDS** that Interested Party State of Ohio's Motion to Dismiss (ECF No. 135) be **GRANTED as unopposed**.

2

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 10, 2024                     /s/ *Elizabeth A. Preston Deavers*
                                                            ELIZABETH A. PRESTON DEAVERS
                                                            UNITED STATES MAGISTRATE JUDGE