UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD WHITMAN,**

    **Plaintiff,**      :

    v.                           **Case No. 2:23-cv-3233**
                                    **Chief Judge Sarah D. Morrison**
                                    **Magistrate Judge Elizabeth A.**
                                    **Preston Deavers**

**MIKE DEWINE,** *et al.***,**      :

    **Defendants.**

## ORDER

Richard Whitman, an Ohio inmate proceeding *pro se*, alleges that the Belmont Correctional Institution Warden violated Mr. Whitman's Eighth Amendment rights when he disregarded the health risk posed by COVID-19. (*See* ECF Nos. 69, 98; *see also Shine-Johnson v. DeWine*, No. 2:20-cv-5919 (S.D. Ohio, ECF No. 1 filed Nov. 16, 2020).) Mr. Whitman's case has a long and complicated procedural history. It is now before the Court for a decision on whether Mr. Whitman should be allowed to proceed. But because he has failed to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's orders, his case must be **DISMISSED**.

Mr. Whitman's claim was severed from the original multi-plaintiff case on October 2, 2023. (ECF No. 133.) Though service should have been effectuated in early-2024, see Fed. R. Civ. P. 4(m), it appeared by May 9, that Mr. Whitman still had not served the defendants. Seeing this, the Magistrate Judge directed Mr.

Whitman to file a service copy of the Amendment Complaint, a summons forms, and a USM-285 form by June 8. (ECF No. 134.) Mr. Whitman did not.

On June 11, 2024, the State of Ohio filed a Motion to Dismiss Mr. Whitman's claim as factually frivolous. (ECF No. 135.) Three more months passed with no word from Mr. Whitman. So, on September 12, 2024, the Magistrate Judge ordered Mr. Whitman to show cause why he should be permitted to file a late response in opposition to the State's motion. (ECF No. 136.) Mr. Whitman was warned that failure to comply could result in his claims being dismissed. (*Id.*)

Finally, on October 10, 2024, the Magistrate Judge issued a Report and Recommendation recommending that Mr. Whitman's claims be dismissed because he "failed to effectuate service on the remaining Defendants, respond to Interested Party State of Ohio's Motion to Dismiss, and comply with the Court's Show Cause Order[.]" (ECF No. 137.) Mr. Whitman objected, attaching a response in opposition to the State's Motion to Dismiss. (ECF Nos. 138, 139.)

If a party objects to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In a Declaration attached to his objections, Mr. Whitman states that he did respond to the Motion to Dismiss but does not know why the response was not received by the Court. (ECF No. 138.) He does not explain why he took no action in

2

the months between June and October 2024, when his filing failed to appear on the docket. Mr. Whitman also states that he never received the Court's show cause order.[1] (*Id.*) And in his response to the State's Motion to Dismiss, Mr. Whitman asks to be excused from the Federal Rules' service requirements.[2] (ECF No. 139.) He cites no authority that would support or even allow the Court to exempt him from the Rules' obligations. Indeed, even *pro se* litigants must "adher[e] to the requirements of the Federal Rules of Civil Procedure [and] the Local Rules for this District." *Benzaoual v. OhioHealth Corp.*, No. 2:19-CV-3366, 2021 WL 2712174, at *3 (S.D. Ohio July 1, 2021) (Marbley, J.) (internal citation omitted).

Accordingly, Mr. Whitman's Objection is **OVERRULED**. The Court **ADOPTS** the analysis in the Report and Recommendation, but **MODIFIES** its conclusion to provide that dismissal is warranted under Rule 41(b) and that the State's Motion to Dismiss (ECF No. 135) is **DENIED as moot**.[3] Mr. Whitman's claims are **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Order was never returned to the Court as undeliverable or otherwise.
[2] Mr. Whitman asks instead that the service effectuated by his former co-plaintiff, Joseph Shine-Johnson, "be considered as served on the defendants in this case as well[.]" (*Id.*, PAGEID # 1458.) Mr. Shine-Johnson's case was recently dismissed for failure to effectuate service, among other reasons. (*See Shine-Johnson v. DeWine*, No. 2:20-cv-5919 (S.D. Ohio, ECF No. 164 filed on Jan. 14, 2025).) The request is ineffective for this reason, if for no other.
[3] This modification is consistent with the analysis within the Report and Recommendation, which discusses Rule 41(b) and Mr. Whitman's failure to comply with applicable rules and orders.